CASE 73—ACTION TO ENFORCE A LIEN FOR STREET IMPROVEMENT—
Oct. 8.

# Kirwin, &c., v. Nevin.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT FOR PLAINTIFFF AND DEFENDANT APPEALS. REVERSED.

MUNICIPAL CORPORATIONS—STREET ASSESSMENTS—WARRANT—ERRO-
NEOUS ISSUANCE—SALE—HOLDER OF WARRANT—PURCHASE—EF-
FECT—STATUTE OF LIMITATIONS.

Held: 1. Where an apportionment warrant for the cost of a street
improvement was issued against a person who was not the
owner of the property described therein, and, in an action to
enforce the lien, the property was sold as his property, and
purchased by plaintiff, the holder of the warrant, and the sale
was confirmed, the title passed to plaintiff; and it seems that
his claim was thereby extinguished, so as to preclude him from
maintaining an action therefor against the original owner of
the property against whom he has procured a new warrant
to be issued.
2. Gen. St., 1883, c. 71, art. 3, section 2, providing that an ac-
tion upon a liability created by statute when no other time is
fixed by the statute creating the liability shall be commenced
within five years next after the cause of action accrued, ap-
plies to an action to enforce a lien for the cost of a street im-
provement in the city of Louisville, made when the statute
was in force; and, more than five years having elapsed be-
tween the time the lien was perfected by the acceptance of
the work by the council and the time the action was insti-
tuted, the action was barred, though no warrant was issued
against the proper person until within five years.

MATT O'DOHERTY, ATTORNEY FOR APPELLANT.

This is an appeal from a judgment enforcing an alleged lien
for a street claim upon a warrant bearing date, October 2,
1893 for an alleged street improvement *made more than ten
years prior to that time.*

The appellant pleaded the statute of limitation of five years
in due form.

It is admitted that appellee instituted an action against E.
E. Kerwin the husband of appellant in 1885, on this same

Kirwin, &c., v. Nevin.

identical claim, but the appellant was not a party to that action, nor was the apportionment sued on made out against her. It is now claimed by appellee that there was no right of action until the corrected apportionment warrant issued in 1893. This contention is clearly unsound.

Appellant further alleges in her plea that in the proceeding against her husband, judgment was obtained decreeing a sale of his interest in the land, and the sale was made, and said interest was bid in at $413.20 by appellee, being the full amount of said warrant with interest and costs, and said sale was confirmed and a deed made for the land so purchased at said sale, and these allegations are not controverted.

The fact, if it were true that he acquired no title to the land by the sale and conveyance to him would not affect the question. The husband had no title to the land except as husband, he was tenant by curtesy, and if he had outlived his wife he would have had a life estate therein.

It is further shown by the proof in this case that the "improvement" was not only not any benefit to the appellant, but was an absolute injury to her property, and it is fundamental that a citizen can only be taxed for an improvement that confers some benefit.

### AUTHORITIES CITED.

Burnett's City Code, 503; Gen. Statutes, chap. 52, art. 2, sec. 2; Williams v. Gleen's Admr., 87 Ky., 89; City of Henderson v. Lambert, 14 Bush, 30; Humphrey's Exr. v. Wade, 84 Ky., 400.

H. M. LANE, ATTORNEY FOR APPELLEE.

The appellant seeks to reverse the judgment because under an erroneous apportionment the lot in controversy was sold as the property of the person to whom it did not belong and upon the discovery of the error the mistake was corrected and a proper apportionment made: and against this action a corrected apportionment pleads (1) Limitation, and (2) the judgment on an erroneous apportionment against a person not the owner.

The answer to this contention is that until there was a proper apportionment, there was no cause of action upon which a suit could be maintained. Gosnell v. Louisville, 20 Ky. Law Rep., 522, and until a cause of action accrued there was nothing upon which limitation could act.

"The repeated decisions of this court on this subject has settled the law that no right to maintain an action to enforce a lien for the cost of improving a public way, exists, until the apportionment has been made according to the principles established by law." Dobyns v. Schoolfield, 10 B. M., 312.

OPINION OF THE COURT BY JUDGE GUFFY—REVERSING.

On the 7th of November, 1893, the appellee, Joseph Nevin, filed his petition against the appellant and others in the Jefferson circuit court, chancery division, in which it is alleged, in substance, that on July 18, 1884, an ordinance was passed for improving a part of Dumesnil street. A description of the improvement is then set out, and various other allegations are made, the object of which is to show the legality of the ordinance and its due publication. The petition also shows that he was an accepted bidder to make the improvements ordered. The petition also shows that the work was done according to contract, and accepted by the city, and an apportionment warrant issued. It was further averred that, by the apportionment, the defendant, E. E. Kirwin was reported as the owner of the lot of land described herein, whereas the true fact was and is that the defendant, Mary E. Kirwin, was, on and prior to November 12, 1884, and ever since has been and is, the owner in fee of said lot of land; that the apportionment as made out by the engineer was, on the 26th of November, 1884, reported to the general council, and was by the council examined and approved, and thereupon there was duly passed by the general council a resolution, approved November 29, 1884, whereby it was resolved that the clerk of the board of councilmen should, and the clerk did, issue and deliver to plaintiff apportionment warrants in the amounts and against the persons named as the owners and specified in the apportionment warrants by the

Kirwin, &c., v. Nevin.

said city engineer; that, by the apportionment as made out, the sum of $327.54 was reported as and was the share or proportion chargeable against the owner of the lot of land described herein, and for which amount the clerk of the board issued and delivered to plaintiff a warrant against the defendant E. E. Kirwin, as if he were the owner of the lot of land hereinbefore described, and on which the plaintiff instituted an action against said Kirwin to enforce the lien against him as the owner of the lot, and obtained judgment enforcing said lien, but afterwards discovered that said lot of land was the property of defendant, Mary E. Kirwin, and the same through this plaintiff was made known to the city of Louisville, whereupon there was duly passed by the general council of the city of Louisville, a resolution approved by the mayor of said city October 2, 1893, whereby it was resolved that the clerk of the board of councilmen should, and he did thereupon, issue and deliver to this plaintiff a warrant against the defendant, Mary E. Kirwan, for the said sum of $357.24, which is filed herewith as part hereof, and is due, with interest at the rate of six per cent. per annum from October 2, 1893. The defendants entered a general demurrer to the petition, which was overruled. On 28th of November, 1894, the defendants filed their answer, which is a traverse of most of the averments of the petition, except as to the making out of the apportionment warrant in 1884, and the suit thereunder. They also plead the judgment and sale as a bar to this suit as well as a denial of the authority of the city council to pass the resolution in 1893 or to make out the apportionment warrant now filed with this suit, and denied that the plaintiff had any lien on the lot in question. The second paragraph pleads and relies on the statute of limitation as a bar to plaintiff's action. Plain-

tiff filed a demurrer to the second paragraph of the answer and also filed a reply controverting the statute. Afterwards, the defendants filed an amended answer and counterclaim, in which it is specifically pleaded that the plaintiff brought suit against E. E. Kirwin for a sale of the lot in question, and that no defense was made by any person to it, and that the plaintiff obtained a judgment for sale of the lots to satisfy the claim herein sued on, and that the sale was duly made, and that plaintiff bid therefor the amount of his debt, interest, and cost, and that the sale was confirmed and deed made to plaintiff. She also made her answer a counterclaim, and prayed judgment against the city of Louisville for damages done to her lot. But that question is not before us for revision. The plaintiff, for reply to the amended answer, states that no part of the lot was ever the property of E. E. Kirwin, and that he had no interest in it, and that the proceedings were instituted and had by him by mistake, and says they are all void. The court, upon final hearing, adjudged in favor of the plaintiff, and adjudged a sale of the land in satisfaction of the claim, and from that judgment this appeal is prosecuted.

It is insisted for appellant, among other things, that the suit and judgment obtained by plaintiff in his suit against E. E. Kirwin under which he procured a sale of the lot, which sale was confirmed and deed made to plaintiff, had the effect to merge his claim in the judgment, and that the sale and confirmation satisfied the judgment, and therefore it follows that, under no state of case, had the plaintiff any right to prosecute this action; and we are referred to the case of Williams v. Glenn's Adm'r, 87 Ky., 88 (9 R. 941) 7 S. W., 610, 12 Am. St. Rep., 461). In that case it was expressly held that a purchaser purchasing land under decret-

al sale, and the purchase being confirmed, is bound to pay the purchase price, although he obtained no title at all by reason of his purchase; the only exception to the rule being when a creditor or the officer making the same was guilty of some fraudulent representation. And it is argued for appellant that, the plaintiff having elected to bring suit against E. E. Kirwin, and obtaining a sale of the property in question, and having purchased the same and caused sale to be confirmed, is in the same attitude as if he had been purchasing in the suit of another. In such a case, under the decision, supra, he would have been bound to pay the purchase price; and, in this case, having accepted the results and fruits of his suit against E. E. Kirwin in satisfaction of his apportionment warrant, it would seem that his debt was extinguished. Indeed, if we so hold, it would not be as harsh a rule as announced in the case, supra, because there the plaintiff was a contractor, did the work, was acquainted with the property, and presumably so with the parties, and could very easily have ascertained who was the owner of the property in question. There is no pretense that either of defendants did or said anything calculated to mislead the plaintiff. In fact, the defendants were under and subject to the city council, so far as the liability in question was concerned. The appellant was under no common-law or moral obligation to pay the debt in question, as was held by this court in City of Henderson v. Lambert, 77 Ky., 30, and it is also held in that case that all such statutes must be construed most strictly against those asserting claims under them. If, however, plaintiff's proceedings in the suit against E. E. Kirwin did not have the effect to extinguish his claim, it is argued that his claim was barred by the statute of limitation. The contention of appellee, however, is that his cause of action

accrued in 1893, after he had ascertained that E. E. Kirwin had no title to the lots and went to the city council and obtained from it an apportionment warrant against the appellant in this case, and that he had no cause of action until that time. Hence, the statute did not begin to run until the corrected warrant was issued, and we are referred to Gosnell v. City of Louisville (104 Ky., 201), (20 R., 521) (46 S. W., 722), but that case only decided that no interest or cost could be recovered against the property owner until a proper apportionment warrant had been issued, and it is argued that no statute begins to run until the cause of action accrues. The latter proposition is undoubtedly sound law. The law also provides that the court in which the action is brought, or the city council, shall have power to correct apportionments in order to do justice to the parties. The evident meaning of that statute is to authorize the court or council to make the correction as to the amount charged or assessed against the various pieces of property, and might correct the name if it was material to the proper adjustment of the matter; but the lien is created upon the property under and by virtue of the ordinance, and the work and its acceptance by the council.

It is provided in section 2, art. 3, c. 71, General Statutes, 1883, in force at the time the contract in question was made, that an action upon a liability created by a statute, when no other time is fixed by statute creating the liability, shall be commenced within five years next after the cause of action accrued. It seems to be the contention of appellee that after a contractor had brought suit and sold certain property in satisfaction of his proper warrant, and after the expiration of more than five years from the time he obtained that warrant, the city council may issue

another warrant against a different party and thereby au-
thorize the appellee to bring his action and subject the
property of this appellant to the satisfaction of his claim,
although she, during this entire time, was an entire
stranger to the contract and to the suit aforesaid, and had
no notice of the proceedings of the council by which they
undertook in 1893 to create a lien upon her town lots.   If
that doctrine be true, the city council might, in twenty
years after the erecting of improvements, issue apportion-
ment warrants and create liens upon the property of the
citizens.   There is nothing in the charter of the city of
Louisville exempting its actions from the statute of limita-
tion, nor anything fixing a different statute of limitation
for the holders of apportionment warrants than the stat-
ute heretofore quoted.   The plea of the statute of limita-
tion has sometimes been criticised, upon the idea that a
party who had promised to pay a debt ought not to escape
or repudiate it under the plea of the statute.   But in this
case no such criticism can be made of the appellant, for,
as decided by this court, she was under no common-law
obligation to pay for the improvements.  She never prom-
ised to pay for them, but the city council and the contractor
under the law imposed a legal liability or lien upon the lot
in question under and by which the same might have been
sold if the appellee had instituted his action within five
years after the liability was created.  He did not do so,
hence his claim is clearly barred by the statute of limita-
tion.   There can be no question but that he could have in-
stituted suit at the time that the first warrant was is-
sued, and had the proper warrant issued, or, if the city
council had refused to issue the proper warrant, he could
have maintained his action to have compelled it.   Section
839 of the Kentucky Statutes has no application to this

case because the transaction occurred long before the enactment of this section; but, if a similar statute had been in force, it in no wise affects the plea of the statute of limitation, for the reason hereinbefore given, and for the further reason that the plaintiff could have instituted his action and obtained the proper warrant. It is perfectly clear that appellee's claim was barred by the statute of limitation at the time of the institution of this suit.

For the reasons indicated the judgment appealed from is reversed, and cause remanded, with directions to dismiss plaintiff's petition, and for proceedings consistent herewith.

Petition for rehearing by appellee overruled.