CASE 39—ACTION BY J. N. MCNAUGHTON AGAINST THE CITY OF LOUIS-
VILLE TO RECOVER FOR STREET IMPROVEMENT.—DEC. 10.

# City of Louisville v. McNaughton.

### APPEAL FROM JEFFERSON CIRCUIT COURT.

**JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.   AFFIRMED.**

STREET IMPROVEMENTS—WRITTEN CONTRACT—LIMITATION.

Held:   Kentucky Statutes, section 2515, relating to limitations of
actions after five years, by its provisions applies to actions cre-
ated by statute, but not to actions upon a writing.   HELD, not
to apply to a contract between a city and a contractor for a,
street improvement, wherein the city in writing agreed to pay
for so much of the cost as was not collectible against the abut-
ting owners, such action not being an action created by statute,
but one on a contract in writing, governed by the fifteen-year
statute of limitations.

HENRY L. STONE, FOR APPELLANT.

We contend that appellee does not state a cause of action
against appellant.   By his own statement he was not the owner
of the apportionment warrant at the institution of this suit
as his assignees, the real parties in interest, were not made
parties to the action.   Furthermore, the petition shows on its
face that it is barred by the statute of limitations, as the appor-
tionment warrants were issued more than five years before the
institution of this suit, and the cause of action growing out of
an implied contract or liability created by statute, is barred
by the five-year statute of limitation.   L. & N. R. R. Co. v.
Hodge, 6 Bush, 141; Same v. Orr, 91 Ky., 109; Stillwell v.
Leavy, 84 Ky., 379; Fidelity Trust & S. V. Co. v. Vories' Exr.,
61 S. W., 474; Kerwin v. Nevin, 64 S. W., 647; McNaughton v.
In. School of Reform, 19 R., 1695; Civil Code, sec. 734.

LANE & HARRISON, FOR APPELLEE.

### PROPOSITIONS INVOLVED AND AUTHORITIES CITED.

1. Wherever the city of Louisville is invested with the power
to have the public ways located therein improved by the orig-
inal construction thereof, but is without authority by any step
or action it can take to impose the cost of the construction of
such improvement upon the lands contiguous thereto, the city

must, in every such case, pay to the contractor the cost of such construction. Caldwell v. Rupert, 10 Bush, 184; Louisville v. Nevin, 10 Bush, 551-552; Craycraft v. Selvage, 10 Bush, 704, 5 and 6; Louisville v. Leatherman, 18 Ky. Law Rep., 124; Louisville v. McNaugnton, 19 Ky. Law Rep., 1695.

2. Where the caption of the petition sets out the names of all the persons who are the plaintiffs, those suing and those for whose use the suit was brought, and where, in the body of the petition they all unite as plaintiffs, all such persons thereby become parties plaintiff to the action, and are bound by the judgment.    Fenwick v. Phillips, 3 Metcalf, 87; Neely v. Marrett, 9 Bush, 350; Revell v. Claxton, 12 Bush, 562.

3. The liability of a municipal corporation for the cost of improving public ways therein must rest and can only rest in a contract by the corporation with a person undertaking to construct the improvement.    Murphy v. Louisville, 9 Bush, 194; Henderson v. Lambert, 14 Bush, 29.

4. The liability of a property owner to pay the cost of improving a public way does not rest in contract.   The property owner is not a party to the contract, but he is made to pay alone by reason of the statute, and the liability is one imposed by the statute.    Gosnell v. Louisville, 20 Ky. Law Rep., 522; Kirwan v. Nevin, 23 Ky. Law Rep., 905.

5. An apportionment warrant is not necessary to the enforcement of a liability imposed by the statute upon the property owner for the cost of improving the public way, nor is an apportionment warrant made evidence of any disputed facts in an action to enforce the lien given for such liability.   Fehler v. Gosnell, 18 Ky. Law Rep., 241; Preston v. Roberts, 12 Bush, 516-517.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

The city of Louisville entered into a contract, evidenced by a writing, with the appellee, by which he agreed to improve a certain street by original construction.   The city agreed that he was to have a certain compensation for the improvement which he contracted to make.   The city was authorized to make the contract, but a controversy arose with the abutting property owners as to their liability for the cost of construction.   It culminated in a suit which reached this court, where it was held that the abutting property owners were not liable for the cost of construction.

City of Louisville v. McNaughton, 19 R., 1695, 44 S. W., 380. Following many other cases, this court in that case held that, as the city had ordered the improvement made, and accepted same after it was completed, it was liable to the contractor for so much of the cost of improvement for which he could not have a lien upon the abutting property. McNaughton failing to recover $2,760.52 from the abutting property owners, he brought this action against the city to recover the same.

It is argued that because this court has held the five-year statute of limitations applies to actions against abutting property owners for the cost of street improvements (section 2515, Kentucky Statutes; Kirwin v. Nevin, 111 Ky., 682 (23 R., 947) 64 S. W., 647), that it likewise applies to an action by a contractor against the city. Section 2515, Kentucky Statutes, does not apply to an action upon a writing, for such action is expressly excepted from its operation. This is not an action created by statute, but it is based upon a written contract which was entered into between the city and the appellee. The city could only be bound when it was authorized to and did make a contract in writing. It is true the city expected the abutting property owners to relieve it from liability by paying the contract price, but the statute did not impose such an obligation upon them. If it had, then it would have been a liability imposed by statute, as they were not the contracting parties. Gosnell v. City of Louisville, 104 Ky., 201 (20 R., 519) (46 S. W., 722); Kirwin v. Nevin, supra. In effect, the city, by its contract in writing, agreed that, if the abutting property owners did not pay the contract price, it would do so. As this is an action on a contract in writing, the 15-year statute of limitations applies.

The judgment is affirmed.