Case 100—ACTION BY MICHAEL J. LAWLER & OTHERS
   AGAINST MARY T. MOXLEY & OTHERS TO ENFORCE
   LIENS FOR STREET IMPROVEMENTS.

## Moxley, &c v. Lawler, &c.

Appeal from Jefferson Circuit Court (Common
Pleas Branch, 1st Division.)

SHACKELFORD MILLER, Judge.

Judgment for Plaintiffs. Defendants appeal. Reversed.

Street Imporvements—Lien on Abutting Lots—Sale by Original
   Owner—Release of one by Limitation—Apportionment as to
   Other Vendees—Liability of Original Owner—In an action by
   the contractor to enforce a lien on three lots for street im-
   provement, which at the time the work was done, were all
   owned by D. M., but who had sold one lot to each of three
   purchasers, in which action the original owner, and two of
   his vendees were made parties· defendant, and later, by an
   amended petition the other vendee was made a party, who
   successfully pleaded the five years statute of limitation as
   to the lien on her lot, Held, that as one of the lots was re-
   leased from the lien by limitation, the other two were liable
   for the whole sum, in proportion to the number of square
   feet contained in each lot, respectively, and that they should
   have judgment over against their vendor, the original owner,·
   for whatever sum they were each compelled to pay to relieve
   their lots of the lien. ·

GARDNER & MOXLEY, for appellants.

1. This case should be reversed because, the statute of limita-
tion has been disregarded as if it did not exist.

2. One of the defendants is required to pay the apportionment
of three others in addition to her own.

3. The plaintiff is allowed to recover what the pleadings show
does not belong to him, but to another, and that other barred
by limitation.

4. The plea of limitation as to part of the property, and one
of the defendants, is not denied, and yet judgment goes as to
her and as to the property.

Moxley, &c. v. Lawler, &c.

5. Then to make the injustice more glaring the entire warrant, barred and unbarred, and the share of her who has clearly escaped is by the judgment to be made out of one defendant without any contribution among those others equally liable.

6. Suit was brought within five years as to certain defendants and certain property.

7. An amended petition was filed after five years making other defendants and other property, and judgment is awarded making one of the first defendants pay the full debt without excluding the barred portion, or requiring contribution among those really liable, and requiring her property to be first sold for the entire debt.

### AUTHORITIES CITED.

Stergen v. Preston, 89 Ky., 624; Dudley v. Price's Admr., 49 Ky., 88; Stone, &c. v. Comixlly, 58 Ky., 656; Hawes v. Orr, 73 Ky., 427; Dorres v. Gallagher, 27 Ky., L. R. 1001; Langan v. Bitzer, 26 Ky.. L. R. 579; Wagner v. Cash 24 Ky., L. R. 1402; City of Louisville v. Tyler, 23 Ky., L. R. 828; Caldwell v. Rupert 73 Ky., 182; Quisenberry v. Artes, 1 Duv. 20; Lytle v. Lytle, 2 Met. 128; Preston v. Roberts, 12 Bush, 584.

WILLIAM W. CRAWFORD, for appellees.

### POINTS AND AUTHORITIES.

1. Where a defendant fails to controvert a cross-petition, or resist relief sought by it, he cannot complain for the first time in the Court of Appeals of the judgment granting same.

2. Where an assignor or assignee of an instrument disclaims any interest therein by a pleading filed in the cause, the issue of "real party in interest" is eliminated. (Gladstone Baptist Church v. Scott, 25 K. L. R. 239.)

3. Where the instrument sued on is filed with the petition a prima facie case of ownership is made out, and the issue of "real party in interest" is eliminated in the absence of proof showing that plaintiff is not the real owner. (Gill v. Johnson, 1 Mec. 651,)

4. The only testimony in the case on the question of ownership of the warrant shows that appellees were the real owners. (Crowder's deposition.)

5. Where an amended petition sets up no new cause of action, the date of the filing of the original petition should be used in computing the running of the statute of limitation. (Joyes v. Hamilton, 10 Bush, 544.)

6. The "square foot rule" of apportioning the cost of municipal

improvements is merely a legislative basis of approximate benefit and does not effect the lien after its creation. (Kentucky Statutes, Sec. 2833; Dillon on Municipal Corporations, Sec. 752; Judson on Taxation, Secs. 363 and 365; Broadway, &c., v. McAtee, 8 Bush, 518; Barfield v. Gleason, 23 K. L. R. 132.)

7. Where no mode of procedure is specified by the Legislature in a given case,. the rules applicable in other cases to enforce liens apply. (Act of 1891, Sec. 7, p. 324, Indiana Statutes; Craycraft v. Selvage, 10 Bush, 710; Neenn v. Smith, 50 Mo., 525; Burroughs on Taxation, pages 448 and 449.)

8. Where the entire lot is "in lien" the court will only direct the sale of enough to satisfy the judgment. (Ducker & Jones v. Gray, 3 J. J. M., 162.)

9. The owner of land cannot affect the lien of an assessment by a subsequent division of his lot. (Dougherty v. Miller, 36 Cal. 83; Desty 'on Taxation, p. 1319.)

10. A plea personal to one defendant cannot relieve another, jointly bound, or abate recovery againt him to the extent of the pro rata amount of which the person escaping was liable as between the defendants, themselves. (Guff's Admr. v. Alves & Co., 10 K. L. R. 590; Robinson v. Lehman, 72 Ala., 471.

11. No re-apportionment can be had unless it is pleaded and proved that a different method of apportionment would be beneficial to the defendant. (Snyder v. B. A. P. C. 24 K. L. R. 2348; McHenry v. Selvage, 99 Ky., 235; Barret v. Artificial Stone Co., 21 K. L. R., g31; Chawk v. Beville, 21 K. L. R., 1769.)

12. In the case at bar, the method of apportionment was correct, and should be sustained. (Dumesnil v. Shanks, 97 Ky., 361 and 362; Cooper v. Nevin, 90 Ky., 85; Bitzer v. O'Bryan, 21 K. L. R., 1307.)

## OPINION BY JUDGE NUNN—Reversing.

In the year 1897 Burnett avenue, in the city of Louisville, between Brook and First streets, was improved by grading, curbing and paving with vitrified brick and block pavement. Delozier Moxley, one of the appellants, owned three lots on the south side of Burnett avenue between First and Brook streets, and his property was charged with its proportion of the cost of this improvement, and in that year an apportionment warrant was issued against his lots for this

improvement amounting to $187 and he never paid
any part thereof. In the month of February, 1898,
Moxley sold one of the lots to a Mrs. Potter, the re-
mote vendor of the appellant Mrs. O'Conner Morris.
In October of that year he sold another lot to the ap-
pellant Mrs. Browning. In the year 1901 he sold the
remaining lot to the appellant Mary T. Moxley. In
the month of November, 1902, the appellees, the con-
tractors who made the improvements referred to, in-
stituted this action for the purpose of enforcing their
lien on the property for the sum stated. They made
Mrs. Morris, Mary T. Moxley, and Delozier Moxley
defendants. In describing the property in the petition
the appellees failed to include the lot owned by Mrs.
Browning, and she was not made a defendant. After-
wards the appellees filed an amended petition making
her a defendant, describing her lot, and sought to en-
force their lien upon it also. She by answer inter-
posed the plea of the statute of limitation of five
years. Appellees concede that her plea is good and
that they cannot enforce their lien against her lot.
See Kirwin v. Nevin, 111 Ky. 682, 64 S. W. 647, 23 Ky.
Law Rep. page 950; Voris' Ex'r, etc., v. Gallaher, 87
S. W. 775, 27 Ky. Law Rep. page 1001. The appellant
Mrs. Morris made her answer a cross-petition against
her co-defendants, and alleged that Delozier Moxley
had conveyed the lot to her with a clause of general
warranty, and that he be required to defend the action.
and that, if she was compelled to pay any part of the
claim of appellees, she be granted a judgment against
him for the amount thereof. She also asked that lot
No. 2, owned by Mary T. Moxley, first be sold to pay
appellees' claim. She did not state any reason why
this should be done. Delozier Moxley answered, and
alleged that the lot owned by Mrs. Browning was re-
lieved from the payment of any part of the appellees'
claim by reason of the statute of limitation and the

appellees had no right to enforce their lien for the whole sum due them as against the other two lots owned by Mrs. Morris and Mrs. Moxley. He also alleged that the lien of appellees was invalid, and not enforceable for the reason that it was improperly assessed. The court tried the case, and, in substance, rendered the following judgment. Appellees were given a lien upon all three of the lots, and directed the commissioner of the court to sell lot No. 2, owned by Mary T. Moxley, first; lot No. 3, owned by Mrs. Browning, second; and lot No. 4, owned by Mrs. Morris, third; and directed that lot No. 2 be sold free of liens of Delozier Moxley. The reason for this last provision in the judgment was that it was stated in the petition of appellees that Moxley was claiming some character of lien upon lot No. 2, and he was asked to answer, and set up his lien if any he had. This he failed to do.

We are at a loss to understand why the court directed the sale of lot No. 2, first, to satisfy the judgment; 3, second; 4, third. Even if No. 3, the lot owned by Mrs. Browning had not been relieved by the statutory bar there can be no possible reason why that lot should have been compelled to pay the judgment rather than lot No. 4 owned by Mrs. Morris. All three were purchased from Delozier Moxley when this lien existed upon the lots, and their property should have been compelled to satisfy the lien in proportion to the number of square feet contained in their respective lots.

It is contended by appellants that the claim of appellees should be reduced by the amount that was chargeable against Mrs. Browning's lot. In our opinion this position cannot be maintained for the reason that appellees' lien was upon each and all of the lots. They say it was by appellees' laches in failing to sue Mrs Browning within five years, which resulted in her

property being released from the claim, and, there-
fore, they, appellees, should suffer the loss, but they
overlook the fact that they could have answered within
five years, and by proper proceedings brought Mrs.
Browning before the court, in the action, and stopped
the running of the statute, and saved themselves from
loss.  In our opinion the lower court should have ad-
judged that the property of Mrs. Browning was re-
lieved of the lien, and that the lots of Mrs. Morris and
Mrs. Moxley should have been subjected to the pay-
ment of the claim, but the court should have first as-
certained whether or not Delozier Moxley held any
liens upon the lots; if so subjected lot or lots upon
which the lien existed to the extent of the lien claims;
and in any event the court should render judgment
over against Delozier Moxley, on account of the war-
ranty deeds, in favor of Mrs. Moxley and Mrs. Morris
for whatever amount they may be compelled to pay
to relieve their property of this lien.

For these reasons, the judgment of the lower court
is reversed and remanded for further proceedings con-
sistent heerwith.

Petition for rehearing by appellees overruled.