## Jackson's Heirs et al v. Willson.

(Decided November 9, 1928.)

### Appeal from Whitley Circuit Court.

1. Municipal Corporations.—Liability of property owner to pay for street improvements accrues on completion and acceptance of work, as respects statute of limitations, but cause of action on as-

sessment does not accrue until installments become due, where property owner requests payment on ten-year bond plan calling for payment of principal and interest in ten installments.

2. Municipal Corporations.—Action by owner of street improvement bonds to enforce lien on abutting property, whose owner had consented to ten-year payment plan, held not barred by lapse of five years from time of completion and acceptance of work, where installments sued on fell due within five-year period.

3. Lis Pendens.—Failure to file notice of lis pendens held not to prevent enforcement of lien on abutting property by holder of street improvement bonds, where defendants' ancestor acquired title by purchase prior to commencement of suit; lis pendens statute (Ky. Stats., 2358a1) not being applicable, and defendants not being protected as bona fide purchasers.

4. Municipal Corporations.—Failure to record improvement lien in county clerk's office held not to prevent enforcement thereof by holder of street improvement bonds, as against owners of abutting property, on ground that their ancestor was innocent purchaser, since recording statutes, Ky. Stats., secs. 494, 494a, 495, 496, do not include improvement liens, and purchaser of property is chargeable with notice of ordinance creating lien.

5. Municipal Corporations.—Owners and purchasers of property abutting on street improvements are chargeable with notice of ordinance and proceedings of city council by which street improvement lien is created.

HIRAM H. OWENS for appellants.

STEPHENS & STEELY and BLAKEY, DAVIS & LEWIS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

In the year 1919 the city of Corbin improved Main street at the expense of the abutting property owners. The improvement was made on the ten-year payment plan, which gave to the abutting property owners the privilege of paying one-tenth of the principal of the cost each year for ten years, and the interest on same semiannually, the first payment to be made on December 1, 1919. When the improvement was made J. F. Bryan owned a lot on Main street. Thereafter he conveyed the property to William Jackson. Jackson died intestate, and the title passed to his widow, Eva Jackson, and his children, Clarence Jackson, William Jackson, Jr., and Litz Jackson.

James C. Willson, trading and doing business as James C. Willson & Co., the owner of the bonds secured by the lien on the Jackson property, brought this suit to

enforce his lien.  A demurrer having been sustained to the several paragraphs of the answer filed by the defendants, and they having declined to plead further, judgment was rendered in accordance with the prayer of the petition as amended, and defendants have appealed.

The principal ground urged for reversal is that the court erred in sustaining the demurrer to the plea of limitation.  Though it was alleged in the original and amended petition that William Jackson was the owner of the property at the time the improvement was made, and signed the waiver consenting to the ten-year payment plan, this allegation was withdrawn, and it was alleged in the second amended petition that Dr. J. F. Bryan, who then owned the property, signed a waiver agreeing to pay on the ten-year payment plan.  It further appears from the second amended petition that the last payment on the interest and the principal was made June 1, 1922. It is true that, in the absence of request by the property owner for payment on the ten-year bond plan, liability to pay for street improvements accrues on the completion and acceptance of the work, and the cause of action is barred in five years from that time (City of Lexington v. Woolfolk, 138 Ky. 392, 128 S. W. 104; Trapp's Adm'r v. Bailey, 152 Ky. 369, 153 S. W. 472); but this rule does not apply where such request is made by the property owner. In such a case the principal and interest are payable in ten installments, and the cause of action does not accrue on these installments until they are due.  Hence no installment of principal or interest is barred until after the lapse of five years from the time it is due.  As the installments sued on had not been due for more than five years, it follows that the demurrer to the plea of limitation was properly sustained.

Another contention is that appellants and their ancestor were innocent purchasers for value because no lis pendens notice was filed in the county clerk's office and the improvement lien was not there recorded.  The common-law and equity rule of lis pendens is that one who acquires an interest in property which is at the time involved in litigation in a court having jurisdiction of the subject-matter, and of the person of the one from whom the interest is acquired, takes subject to the judgment or decree, and is as conclusively bound by the result of the litigation as if he had been a party thereto from the outset.  Parks v. Smoot, 105 Ky. 63, 48 S. W. 146, 20 Ky.

Law Rep. 1043; Wickliffe v. Bascom, 7 B. Mon. 681; Clarkson v. Morgan, 6 B. Mon. 441; Roberts v. Cardwell, 154 Ky. 483, 157 S. W. 711, Ann. Cas. 1915C, 515. In such case it is wholly immaterial whether the purchaser is a bona fide purchaser for value or not. Brightman v. Brightman, 1 R. I. 112. The foregoing rule has been changed by statute so as not to be applicable, except from the time the statutory lis pendens notice is filed. Section 2358a-1, Kentucky Statutes. It is at once apparent that neither the original rule nor the rule as changed by statute, has any application to this case. Appellee had not brought suit at the time appellants acquired title and appellants were not pendente lite purchasers. Therefore appellee is not relying on a prior judgment or sale, or other proceeding. For the first time he is seeking an enforcement of his lien. Appellants are parties to the action. In such case no notice other than the summons itself is necessary in order to bind appellants by the judgment.

Equally without merit is the contention that appellants are bona fide purchasers without notice because the improvement lien was not recorded in the county clerk's office. Our statutes requiring certain instruments of writing to be recorded in the county clerk's office in order to be good as against bona fide purchasers for a valuable consideration without notice apply only to deeds, mortgages, options, five-year leases, and the like (sections 494, 494a, 495, 496, Kentucky Statutes), and do not include improvement liens. Such liens are created by ordinance of record in the proceedings of the general council of the city wherein the property is located, and every owner or purchaser of property abutting the improvement is charged with notice of the proceedings.

It follows that the court properly sustained the demurrer to the plea of bona fide purchaser.

Judgment affirmed.