## Breslin v. Gray et al.
## Hoerr v. Breslin.
March 8, 1940.

Churchill Humphrey, Presiding Judge.

Joseph Lazarus and Bernard S. Goldstein for appellant.

Bruce & Bullitt and Eugene B. Cochran for appellee Mary Hoerr.

Opinion of the Court by Sims, Commissioner—Reversing in Breslin Case and affirming in Hoerr Case.

On May 23, 1927, the City of Louisville passed an ordinance for the improvement of Frankfort Avenue, which reads:

"For improving a part of Frankfort Avenue, from the east end of its present improvement, being the city boundary line as of September, 1900, to the center line of Crabbs Lane, extended shall be forty feet in width and shall be improved by grading, curbing and paving with the concrete gutters; granite, track stringers, and asphalt pavement; said work shall be done at the cost of the ground on the north side of Frankfort Avenue, between the former city boundary line and the center line of Crabbs Lane, extended and extending back half way to Arteburn Ave., and on the south side of Frankfort Ave., between former city boundary line and Eastover Ave., and Crabbs Lane, extending back to a line midway between Frankfort Avenue and Gardiner Ave. The cost to be equally apportioned among the owners of ground according to the number of square feet owned by the parties respectively, within the limits above set out, and all ordinances in conflict here with are hereby repealed."

The contract was awarded to Frank G. Breslin for $12,355.48. His work was accepted by the city and by virtue of Section 2839, Kentucky Statutes, apportionment warrants against the property owners were issued to him on October 8, 1928. W. Culver Vaughn, who owned property against which a tax for this street improvement was assessed, filed an action in the Jefferson Circuit Court to set aside this apportionment on the ground it was incorrect as to the boundary assessed for the improvement. Hon. Alex G. Barret, then a chancellor of the Jefferson Circuit Court, granted Vaughn the relief prayed, and on November 25, 1929, entered a judgment setting aside the first apportionment and ordering a re-apportionment. On January 21, 1930, the board of aldermen directed a re-apportionment in conformity with Judge Barret's judgment, and this action was brought upon warrants issued on this re-apportionment.

Judge Lafon Allen, another chancellor of the Jefferson Circuit Court, tried the case and the principal issue was what property was included in the assessment district, which hinged on whether or not Gardiner Avenue was a principal street. Much proof was taken on this issue and on November 16, 1933, Judge Allen rendered a judgment setting aside the first apportionment, also setting aside the re-apportionment made pursuant to the order of the board of aldermen on January 21, 1930, as directed by Judge Barret, and Judge Allen's judgment recites:

"In lieu of said two apportionments it is now ordered and directed that a re-apportionment of the costs of said improvement be made so as to assess the property on the north side of Frankfort Avenue from the former city boundary line as established in September, 1900, to a point where the center line of Crabbs Lane extended would intersect the center line of Frankfort Avenue and extending back northwardly to a line midway between Frankfort Avenue and Randolph Avenue, extended to the west; and on the south side of Frankfort Avenue from said city boundary line of September 1900, to the center line of Crabbs Lane if extended and extending back southwardly to the same depth as on the north side of said Frankfort Avenue, the cost of said improve-

ment to be equally assessed among the owners of property within said district according to the number of square feet of ground owned by each of them respectively. * * *

"This order and the re-apportionment of the costs of said improvement directed to be made hereunder shall be without prejudice to the rights of any property owner affected by said re-apportionment who is not now before the court in this action."

An appeal was prosecuted and that judgment was reversed because it directed a re-apportionment of the whole cost of the improvement without first requiring the owners of property affected thereby to be brought before the court, as will be seen from the opinion in Breslin v. Hancock, 261 Ky. 520, 88 S. W. (2d) 34. The concluding paragraph of that opinion directs Breslin to amend his petition and bring these parties before the court. The record on the first appeal has been made a part of the record now before us, as it was necessary to review that record in deciding the present appeal. Breslin filed an amended petition naming as defendants all the owners of property affected by the re-apportionment who were not defendants to the original petition; and by this amended petition Breslin sought to enforce the liens evidenced by the apportionment warrants this pleading alleged were issued in conformity with the judgment entered by Judge Allen.

The defendants' answer to this amended petition pleaded that the assessment district established pursuant to the judgment entered by Judge Barret was correct and it barred plaintiff's recovery on his amended petition; they further pleaded that plaintiff's cause of action accrued when the contract was accepted by the city on August 15, 1927, and that the five-year statute of limitation is a bar to this action. The answer of Mary Hoerr pleaded the five-year statute of limitation, and further pleaded that on April 23, 1935, she sold the property on which plaintiff was seeking to foreclose his lien and she was not the owner thereof at the time summons was served upon her.

Plaintiff demurred to the plea of limitation by all the defendants except Mary Hoerr, which demurrer was

overruled, and plaintiff declined to plead further. Whereupon, the court adjudged that the apportionment made in conformity with the judgment entered by Judge Allen on November 16, 1933, was correct and that it established the proper taxing district, and dismissed the petition because it was barred by the five-year statute of limitation, Kentucky Statutes, Section 2515. We do not understand why the chancellor did not also hold good the plea of limitation made by the answer of Mary Hoerr, however, he did not, and ordered the property formerly owned by her sold to satisfy the apportion- ment lien.

Breslin was granted an appeal by this court against all of the defendants except Mary Hoerr, likewise, all the defendants except her were granted a cross-appeal; while she was granted an appeal by this court against Breslin. By his appeal Breslin seeks to reverse so much of the judgment as sustains the plea of limitation; while the property owners by their cross-appeal seek to reverse so much of the judgment as fixed the taxing district upon which the apportionment was made, con- tending they did not have their day in court. Mary Hoerr seeks to reverse the judgment enforcing the lien against the property formerly owned by her on the ground that she was not the owner of the property when she was served with process. We will first discuss the question of limitation, then the question of whether the cross-appellants had their day in court before the chan- cellor fixed the taxing district, and lastly, we will dis- cuss Mary Hoerr's appeal.

The cross-appellants argue that Breslin's cause of action accrued on the first apportionment warrants which were issued on October 8, 1928, and that when he brought them into this case by filing his amended peti- tion on February 17, 1934, on apportionment warrants issued pursuant to Judge Allen's judgment entered on November 16, 1933, more than five years had elapsed since the cause of action accrued, citing Sections 2834 and 2839 Kentucky Statutes; Kirwin v. Nevin, 111 Ky. 682, 64 S. W. 647, 23 Ky. Law Rep. 947; Stengel v. Pres- ton, 89 Ky. 616, 13 S. W. 839, 11 Ky. Law Rep. 976; Voris' Ex'r v. Gallaher, 87 S. W. 775, 27 Ky. Law Rep. 1001; Gleason's Adm'r v. Peter & Binghard Stone Co., 66 S. W. 16, 23 Ky. Law Rep. 1740. Breslin also relied

on Kirwin v. Nevin, as well as Gosnell v. City of Louisville, 104 Ky. 201, 46 S. W. 722. It is agreed by all parties if any statute of limitation is applicable in the instant case it is the five-year statute, being Section 2515, Kentucky Statutes; indeed, it was so decided in Waggoner v. City of Frankfort, 99 S. W. 918, 30 Ky. Law Rep. 847.

We cannot agree with cross-appellants that the authorities cited by them sustain their position. Section 2834, Kentucky Statutes, recites:

"* * * and no error in the proceedings of the legislative body shall exempt from payment after the work has been done as required by either the ordinance or contract; but the legislative body, or the courts in which suits may be pending, shall make all corrections, rules and orders to do justice to all parties concerned * * *."

This quoted portion of this section was cited with approval in Stengel v. Preston, supra. In Section 2839, Kentucky Statutes, it is said: "The lien shall exist from the date of the apportionment warrant." This litigation started soon after the first apportionment warrants were issued on October 8, 1928, which apportionment was held by Judge Barret to be erroneous and he adjudged the city should correct same. This the city attempted to do on January 21, 1930, by causing a new apportionment to be made. Then Judge Allen held that apportionment, also the re-apportionment directed by Judge Barret, were both erroneous, and he directed that an entirely new and different apportionment be made. Judge Allen's judgment was reversed because all the property owners affected by the apportionment made under his judgment were not before the court. Thus it is seen that an earnest effort was being made by the courts to correct the apportionment as they are directed to do under Section 2834 of the Statutes. Suppose an apportionment is attacked in the courts and is adjudged to be correct by the lower court; but on an appeal here, such an apportionment is held to be erroneous and the case is reversed with directions that the board of aldermen have another apportionment made, which is done; and then an amended petition is filed to enforce the lien evidenced by the warrant issued on this last and correct apportionment, and a new party is brought in; and

five years elapsed between the filing of the petition on the incorrect apportionment warrant and the filing of the amended petition on the true and correct apportionment warrant; can the property owner escape payment for the improvement because it took five years' litigation to correct the apportionment? The situation just recited is quite analogous to the one in the instant case. Certainly, the litigation over the apportionment tolled the statute of limitation.

In Kirwin v. Nevin, 111 Ky. 682, 64 S. W. 647, 23 Ky. Law Rep. 947, the apportionment was made in 1884 against E. E. Kirwin's property; suit was brought thereon in due time and after judgment was entered and the property sold, it was discovered Mary Kirwin owned the property. In 1893 an apportionment warrant was issued against her property and suit was brought thereon. The court sustained a plea of limitation, but that case is no authority for applying the statute of limitation in the instant one, because there the action was on an entirely different apportionment warrant issued more than five years after the first apportionment warrant was issued. The contractor in the Kirwin case made no effort to correct the first apportionment which in reality was not defective, but the mistake was in not seeking to enforce it against the correct owner of the property. We agree with Breslin that this case supports his position.

In Stengel v. Preston, 89 Ky. 616, 13 S. W. 839, no cause of action was stated against Barr in the original petition and the court reversed the judgment as to him, and upon a return of the case to the lower court an amended petition was filed against Barr. As more than five years had elapsed between the accrual of the cause of action against Barr and the filing of the amended petition, the court sustained a plea of limitation.

Voris' Ex'r v. Gallaher, 87 S. W. 775, 27 Ky. Law Rep. 1001, is similar to Kirwin v. Nevin, supra, in that suit was brought and judgment was obtained against property not owned by the defendant and more than five years after the first apportionment warrant was issued. It was sought to bring in the true owner of the property on an amended petition when no apportionment warrant had been issued against him. There, it was held that under Section 2839 of the Statutes the lien

shall exist from the date of the apportionment warrant, and as no such warrant was issued, no lien existed; that the issuing of an apportionment warrant against one person does not create a lien upon the property of another.

In Gosnell v. City of Louisville, 104 Ky. 201, 46 S. W. 722, 20 Ky. Law Rep. 519, relied upon by Breslin, it was written that until an erroneous apportionment was corrected by the courts, or by the board of aldermen, it was impossible for the property owner to ascertain the amount for which he was liable.

While we realize a lien for a street improvement in a first class city exists from the date of the apportionment warrant and that suit to enforce such lien must be instituted within five years from the date the warrant is issued, yet where suit is instituted to correct the apportionment soon after it is made, the statute of limitation is tolled during such litigation.

After this case was returned to the circuit court with directions to make parties defendant those persons whose property is affected by the true apportionment, such defendants cannot avail themselves of the statute of limitation merely because the first incorrect apportionment may have been made more than five years prior to the time these defendants were made parties to the action. The chancellor erred in overruling Breslin's demurrer to the plea of limitation, and for that reason we reverse the case on his appeal.

After the amended petition was filed on February 17, 1934, and the property owners on the north side of Frankfort Avenue had been made parties defendant, the chancellor determined the proper taxing district without giving these newly made defendants an opportunity to introduce proof. It is evident the chancellor based his judgment upon the evidence in the record in Breslin v. Gray, supra, but it must be remembered these defendants brought in by the amended petition were not parties to the action when that proof was taken, and they had no opportunity to cross-examine the witnesses introduced by Breslin, nor to introduce their own witnesses. This court reversed Breslin v. Gray because these north side property owners were not parties thereto, but it would be of no benefit to them to be made parties de-

fendant unless they be given their day in court. We conclude it was error on the part of the chancellor to fix this taxing district without giving these defendants an opportunity to be heard, and for this reason we reverse the judgment on the cross-appeal with directions that a reasonable opportunity be given these cross-appellants to take what proof they desire; also, Breslin will be given a reasonable opportunity to rebut any proof such cross-appellants may offer.

We come now to the Mary Hoerr case. When Breslin filed his amended petition on February 17, 1934, to enforce his lien against the property of Mrs. Hoerr, he fil^d a lis pendens notice against her property as provided by Section 2358a-1, Kentucky Statutes. Summons was issued against Mrs. Hoerr February 20, 1934, whicn was returned "not found." On March 23, 1935, Mrs. Hoerr sold this property and on that day the purchaser put the deed to record. On October 1, 1936, Breslin caused an alias summons to be issued against Mrs. Hoerr which was executed on her on November 4, 1936, and on November 6, 1937, default judgment was entered enforcing the lien upon the property she formerly owned.

It is contended by Mrs. Hoerr that as she had sold this property before summons was served upon her, the fact that Breslin had filed a lis pendens notice against her property when he filed his amended petition did not allow him to take judgment directing a sale of the property—in other words, a lis pendens notice does not take the place of service of summons. So it does not, yet a purchaser of the property after a lis pendens has been duly filed against it, takes the property with notice of plaintiff's claim and subject thereto. Such purchaser cannot complain if the property is sold as that of his grantor, so long as the surplus proceeds after the satisfaction of plaintiff's debt, interest and cost are paid to such purchaser. We have written in Preece v. Hardin, 253 Ky. 226, 69 S. W. (2d) 361, that one who filed a lis pendens notice in sufficient form and which was indexed will be protected although the clerk may fail to record it. In Fletcher v. Wireman, 152 Ky. 565, 153 S. W. 982, 987, this court in quoting from Heim v. Ellis, 49 Micn. 241, 13 N. W. 582, said:

"The filing of the notice was a warning to the whole

world that any title Perry claimed was liable to be divested by that suit; and whoever became the purchaser of the mortgage afterwards would take it with constructive notice.''

So here, a lis pendens notice filed by Breslin was notice to the whole world of his lien, and whoever bought tue property took it subject to such lien, and it was immaterial that the summons had not been served on Mrs. Hoerr when Bruner purchased the property from her. One cannot buy his way into a law suit and thereby postpone the proceedings until he can be served with a summons. If such were the law, designing persons could postpone indefinitely the termination of an action, even with a lis pendens notice filed, by selling the property during the litigation and having such purchaser absent himself, and then when brought before the court, the purchaser could before judgment convey the property, and this performance could be repeated ad infinitum, and there would never be a termination to the litigation. Rothschild's Adm'rs v. Kohn, 93 Ky. 107, 19 S. W. 180, 14 Ky. Law Rep. 36, 40 Am. St. Rep. 184. After the action was filed and summons issued thereon this lis pendens notice was effective from the time it was filed in the county court clerk's office, and any purchaser from Mrs. Hoerr, even before she was served with summons, could not forestall the enforcement of the lien in the pending suit, and is bound by the judgment entered therein, 17 R. C. L. 1018, Section 11; Leavell v. Poore, 91 Ky. 321, 15 S. W. 858; Roberts v. Cardwell, 154 Ky. 483, 157 S. W. 711; Jackson's Heirs v. Wilson, 226 Ky. 211, 10 S. W. (2d) 816. The chancellor was correct in decreeing a sale of the property formerly owned by Mrs. Hoerr to satisfy Breslin's lien and that case is affirmed.

The case of Breslin v. Gray et al. is reversed both on the appeal and cross-appeal for proceedings consistent with this opinion. The case of Hoerr v. Breslin is affirmed.