**CUMBERLAND LUMBER COMPANY,**
Appellant,

v.

**FIRST AND FARMERS BANK OF SOMERSET, INC., Appellee.**

and

**LOWE'S HOME CENTERS, d/b/a**
Lowe's of Somerset,
Appellant,

v.

**FIRST AND FARMERS BANK OF SOMERSET, INC., Appellee.**

Nos. 91–CA–109–MR, 91–CA–110–MR.

Court of Appeals of Kentucky.

May 1, 1992.

Discretionary Review Denied by Supreme Court Nov. 11, 1992.

Larry F. Sword, Somerset, for appellant, Cumberland Lumber Co.

David Ora Smith, Marcia A. Smith, Corbin, for appellant, Lowe's Home Centers.

Norma B. Adams, Adams & Adams, Attorneys at Law, Somerset, for appellee, First and Farmers Bank of Somerset.

M. Thurman Senn, M. Brooks Senn, Senn, Miller & Smith, Louisville, for amicus curiae, Kentucky Bankers Ass'n.

Before GUDGEL, HUDDLESTON and McDONALD, JJ.

McDONALD, Judge.

The issue presented in these consolidated appeals is whether the interest of a pendente lite lienholder in real property survives the judicial sale of the property incident to a foreclosure action to which the lienholder

was neither a party nor had actual notice of the proceedings. The trial court concluded the interest was extinguished, and we agree the law requires such a result.

The facts necessary for a resolution of this appeal are not in dispute. Cumberland Industries Corporation (CIC) was heavily indebted to the appellee, First and Farmers Bank of Somerset, Inc., who had a first mortgage lien against real property owned by CIC. On March 8, 1990, First and Farmers filed a complaint in the Pulaski Circuit Court seeking a sale of the property to satisfy the indebtedness. On the same day, the bank filed a lis pendens notice in the Pulaski County Clerk's Office stating a complaint had been filed affecting CIC's interest in the realty. In addition to CIC, the bank included the County of Pulaski as a party defendant because of unpaid property taxes owed by CIC. The county answered and asserted its claim for $3,011.42. On April 5, 1990, the bank obtained a default judgment against CIC in a sum exceeding $1,545,056 plus interest and an order of sale. The order provided that after the court costs, costs of sale and taxes, the proceeds would be first applied to the indebtedness owed the bank.

Cumberland Industries Corporation also had other creditors. Some of these creditors obtained judgments against CIC (after the commencement of the foreclosure action) and filed judgment liens against the property. Two of the creditors, Readymix Concrete of Somerset, Inc. and Holt Hardware, intervened in the foreclosure action. Two others, the appellants, Cumberland Lumber Company and Lowe's Home Centers, Inc., did not intervene.

The property was sold by the commissioner on May 11, 1990, at public auction. It brought $1,100,000.00 and was purchased by First and Farmers Bank. Because the sale was insufficient to satisfy the first mortgage, there were no proceeds to divide among the other lienholders. An order confirming sale was entered on May 22, 1990.

On June 4, 1990, the bank proceeded in the same action by filing a complaint to release the liens of Cumberland Lumber and Lowe's. Both appellants answered and

alleged that they had no duty to intervene in the foreclosure action, and that the bank's failure to include them in the action before the judicial sale resulted in the survival of their liens. All parties moved for summary judgment. In its order of December 17, 1990, the trial court relied on *Breslin v. Gray*, 283 Ky. 785, 143 S.W.2d 452 (1940), and reasoned as follows:

Although neither KRS 382.440 nor any other Kentucky statute or case explicitly provides for victory by the Plaintiff or the Defendants herein, a decision in the Plaintiff's favor is the only logical and equitable result. The reasoning of *Breslin v. Gray, et al, Hoerr v. Breslin*, Ky. [283 Ky. 785], 143 S.W.2d 452 (1940) is particularly persuasive. In *Breslin*, the Kentucky Court of Appeals points out that if resale or postponement of a judicial sale could be forced by parties asserting an interest acquired subsequent to the filing of a lis pendens notice, then an unscrupulous holder of a subsequently acquired interest could keep the lis pendens holder from ever enforcing its lien and the litigation over the property might never terminate.

Another justification for the Plaintiff's position is that it makes no sense to charge the lis pendens holder with constructive notice of liens filed or sales made after filing of the lis pendens notice. It is the better rule to force the subsequent lienholder or buyer to intervene or lose his lien as against the judicial sale purchaser because the subsequent lienholder or purchaser is in a position to be aware of the lis pendens holder. The lis pendens holder may not know of the subsequently created interest, which will be unrecorded at the time of the lis pendens filing.

The appellants argue on appeal that the filing of a lis pendens does not place the burden on a pendente lite lienholder to intervene in the pending action in order to preserve its lien, and that the purchaser of property at a judicial sale takes the property subject to any lien of a party not joined in the foreclosure action. They contend that a ruling that pendente lite encumbrances are extinguished by a judicial sale is contrary to KRS 426.690.

However, while this statute clearly requires the plaintiff in a foreclosure action to name the holders of other liens in its *petition,* there is no statutory requirement to name those who acquire a lien *after* the filing of the petition. The foreclosing plaintiff must name as parties all those he knows to have an interest in the property at the time of filing his petition even if that interest is unrecorded. *See Minix v. Maggard,* Ky.App., 652 S.W.2d 93 (1983), and *Dick v. Jasper,* 195 Ky. 539, 242 S.W. 834 (1922). However, there is no duty for the plaintiff to join pendente lite lienholders to the action. Obviously the lis pendens doctrine and the notice required to activate the doctrine found at KRS 382.440 provide the pendente lite lienholder with the knowledge needed to protect his interest.

The appellants appear not to appreciate the purpose of the lis pendens doctrine. As explained in *Roberts v. Cardwell,* 154 Ky. 483, 157 S.W. 711 (1913):

> The effect of the lis pendens is to keep the subject-matter of the litigation within the control of the court, and to render the parties powerless to place it beyond the reach of the final judgment.
>
> One acquiring an interest pendente lite is sometimes on his application permitted to appear in the action and defend or prosecute in the place of the person to whose interest he has succeeded. The court is not, however, bound to permit him to do so, in the absence of a statute conferring upon him this right.
>
> *Whether, however, he appears in the cause or not, and whether he has any actual notice of its pendency or not, the judgment, when rendered, must be given the same effect as if he had not acquired his interest, or as if he had been a party before the court from the commencement of the proceeding.* His interests are absolutely concluded by the final determination of the suit. (Citations omitted.) (Emphasis added.)

For additional review of these principles, we suggest reading *American Law of Property,* Vol. III § 13.12 and Vol. IV § 16.189.

Since it is a discretionary matter whether a pendente lite lienholder can even intervene in a suit affecting real property, it is clear that a foreclosing plaintiff would not be required, as appellants argue, to name the pendente lite lienholder as a party defendant.

█ It is settled, we believe, that one who acquires an interest in property, whether by purchase, lien or other encumbrance, after the filing of a lis pendens notice, takes that interest subject to the results of the litigation. Actual knowledge of the pending action is not necessary to bind the pendente lite purchaser.

> At common law the mere pendency of a suit asserting a lien was regarded as notice to all the world, and a purchaser pendente lite took the property subject to any judgment which might be rendered in the action. But that rule of constructive notice was abrogated by statute (originally enacted in 1896, c. 11) unless a statement describing the action in certain particulars and its objective shall be filed in the office of the county court clerk. Where the statute has been complied with (as it was here), the lis pendens rule is put in operation. (Citations omitted.)

*Louisville Asphalt Co. v. Cobb,* 310 Ky. 126, 220 S.W.2d 110, 112 (1949).

Appellants suggest that, in addition to filing a lis pendens, the plaintiff in a suit affecting the title or interest in property should be required to periodically conduct a title search to add new lienholders as parties. Lowe's suggests that such a burden would be neither "onerous nor unreasonable." However, as the trial court soundly reasoned, if every pendente lite purchaser had a right to be made a party to a suit concerning property, the plaintiff could be denied the ability to conclude his suit. *See Breslin v. Gray, supra,* 143 S.W.2d at 456. Such a result would thwart the policy advanced by the lis pendens doctrine; *i.e.,* completion of suits involving rights in real property.

Lowe's contends that it was unable to protect its interest because it did not have actual notice of the foreclosure action until after the Master Commissioner sale. Of course, had Lowe's examined the title on April 24, 1991, when it filed its judgment lien, it would have discovered the recorded lis pendens notice and could have taken

steps to intervene in the suit had it desired. Appellants, who did not do a title examination nor intervene in the suit, should not be rewarded by having their liens adjudged as surviving when those creditors who did intervene and whose liens were extinguished came away empty-handed.

In sum, a pendente lite lienholder can have no greater interest in the property at issue than that of his debtor. The appellants, Lowe's and Cumberland Lumber, are therefore bound by the mortgage foreclosure proceedings just as CIC is bound.

Accordingly, the judgment of the Pulaski Circuit Court is affirmed.

All concur.