RENDERED: DECEMBER 16, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1579-MR

GARELL MARK BURGESS AND
TRACY BROWN                                             APPELLANTS


                        APPEAL FROM MEADE CIRCUIT COURT
v.                      HONORABLE BRUCE T. BUTLER, JUDGE
                        ACTION NO. 13-CI-00350


CARL R. AUSTIN; CLAY-RHO[1]
ENTERPRISES; LEE ANN MIK; PALS
ENTERPRISES; PAUL F. MIK;
PHILLIP WIMPEE, SHERIFF MEADE
COUNTY; STONE HOLDINGS, LLC;
AND THE FIRST STATE BANK OF
IRVINGTON                                               APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; COMBS AND DIXON, JUDGES.

---

[1] Appellee's name was misspelled in the notice of appeal; however, we have opted to use the correct spelling in this Opinion.

DIXON, JUDGE: Garell Mark Burgess and Tracy Brown appeal from the order of the Meade Circuit Court entered December 7, 2020, denying their motions to intervene and to restrain Clay-Rho Enterprises from executing a writ of possession. Having reviewed the briefs, record, and law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Central to this action is a parcel of residential land. Between November 10, 2011, and October 13, 2012, Lee Ann and Paul F. Mik (collectively "the Miks") executed mortgages on the property with First State Bank of Irvington (First State); Stone Holdings, LLC; and Carl R. Austin. On October 25, 2013, Austin commenced the underlying action seeking to foreclose on the property, and a lis pendens[2] notice was simultaneously lodged and recorded. First State and Stone Holdings subsequently filed crossclaims also seeking foreclosure.

The Miks failed to timely respond, and a default judgment in favor of Austin was entered January 30, 2014, as was an order of sale.[3] After various delays, including bankruptcy proceedings, a final order of sale was entered

---

[2] "Lis pendens is defined as a notice, recorded in the chain of title to real property, . . . to warn all persons that certain property is the subject matter of litigation, and that *any interests acquired during the pendency of the suit are subject to its outcome*." *Greene v. McFarland*, 43 S.W.3d 258, 260 (Ky. 2001) (emphasis added) (internal quotation marks, brackets, and citations omitted); s*ee also* Kentucky Revised Statutes (KRS) 382.440.

[3] Additional default judgments were entered February 25, 2014, and March 10, 2014, in favor of First State and Stone Holdings, respectively.

November 27, 2019. First State purchased the property at auction, and an order confirming the sale was entered February 10, 2020.

First State then filed a writ of possession on March 12, 2020, to oust Appellants from the property. An order of eviction was entered March 20, 2020, and amended October 29, 2020, after Clay-Rho purchased First State's property interest. On November 3, 2020, Appellants filed motions to intervene in order to file a third-party complaint to quiet title, or alternatively for restitution on improvements made to the property, and to restrain execution of the order to evict. In support thereof, Appellants asserted they were the lawful owners of the property by virtue of a quitclaim deed executed by the Miks on June 17, 2019, approximately five-and-a-half years after entry of the initial order for sale and five months prior to auction. Denying relief, the court concluded the motion to intervene was untimely and both motions were without merit. This appeal followed.

## ANALYSIS

CR[4] 24.01(1) provides:

[u]pon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property . . . which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the

---

[4] Kentucky Rules of Civil Procedure.

applicant's ability to protect that interest, unless that interest is adequately represented by existing parties.

Generally, a circuit court has broad discretion in permitting intervention. *Wood v. Tax Ease Lien Invs. 1, LLC*, 425 S.W.3d 897, 901 (Ky. App. 2014). "[P]ost-judgment intervention is not strictly forbidden," but "[a] party wishing to intervene after final judgment has a 'special burden' to justify the untimeliness." *Polis v. Unknown Heirs of Jessie C. Blair*, 487 S.W.3d 901, 906 (Ky. App. 2016) (quoting *Arnold v. Commonwealth*, 62 S.W.3d 366, 369 (Ky. 2001)) (internal quotation marks omitted). We review a court's determination as to the timeliness of a motion to intervene for an abuse of discretion and the denial of the motion on its merits for clear error. *Hazel Enters., LLC v. Cmty. Fin. Servs. Bank*, 382 S.W.3d 65, 67 (Ky. App. 2012) (citing *Carter v. Smith*, 170 S.W.3d 402, 408-09 (Ky. App. 2004)).

Appellants argue the court abused its discretion in concluding that their motion for intervention was untimely when their claims relating to mechanic and materialman liens were brought within the time limits for enforcement.

This argument misapprehends the issue at hand as it is not the timeliness of the proposed claims that controls but, rather, whether the intervention itself was timely sought. Here, the court observed that Appellants admitted to being personally informed of Clay-Rho's ownership of the property on May 30, 2020, and yet, notwithstanding their attempt to mitigate their losses by filing their

-4-

first lien against the property in June 2020, did not seek intervention until approximately five months later on November 3, 2020. Of course, this is in addition to the 16 months that elapsed from the quitclaim deed – which Appellants acquired with at least constructive notice of the pending foreclosure proceedings via the lis pendens – to their motion to intervene. Given Appellants' lengthy and unexplained delay, despite constructive and actual notice of a challenge to their claim of title, the court did not abuse its considerable discretion in concluding the motion was untimely. Accordingly, we need not reach the issue of whether the court erred when it further determined intervention was not merited.

Appellants next assert the court erred by dispossessing them of the property when they were not served with the motion or orders pertaining to the writ of possession; the court did not have personal jurisdiction; Appellants were not afforded notice or an opportunity to be heard; and Appellants retained their interest in the property despite the commissioner's sale. We will address each contention in turn.

We understand the argument of Appellants on the issue of service to arise from their claim that, by virtue of their deeded interest in the property, they were necessary parties pursuant to CR 19.01 and, thus, were entitled to service. CR 19.01 prescribes when parties shall be joined, if feasible; however, in *Murphy v. Lexington-Fayette County Airport Board*, 472 S.W.2d 688, 690 (Ky. 1971),

Kentucky's highest court held that the rule "can be invoked only by parties, not by a person who seeks to become a party." Therefore, as non-parties, Appellants' reliance upon CR 19.01 is misplaced.

Moreover, contrary to Appellants' attempts to distinguish the matter, we agree with the court that *Cumberland Lumber Company v. First and Farmers Bank of Somerset, Inc.*, 838 S.W.2d 403, 405 (Ky. App. 1992), resolves the issue of joinder in the negative. In *Cumberland*, the Court was specifically faced with the question of whether plaintiffs were required to join pendente lite lienholders as parties to foreclosure proceedings. *Id.* at 404. While the case did not specifically address CR 19.01, the *Cumberland* Court was clear that when a lis pendens notice is filed, the plaintiff in a foreclosure proceeding has no duty to join pendente lite successors in interest, whether that interest was acquired by lien or purchase. *Id.* at 405-06. Because the quitclaim deed to Appellants was executed after entry of the lis pendens and prior to the judicial sale, they were merely pendente lite successors in interest; thus, the petitioners did not have to join them. Consequently, the argument that Appellants were entitled to service is without merit.

We turn next to Appellants' unsupported contention that the court lacked personal jurisdiction over them, which was required to grant the writ of possession. We have long recognized that bare assertions of legal error are insufficient to warrant review.

-6-

> Our courts have established that an alleged error may be deemed waived where an appellant fails to cite any authority in support of the issues and arguments advanced on appeal. *See Pierson v. Coffey*, 706 S.W.2d 409, 413 (Ky. App. 1986). "[W]ithout any argument or citation of authorities, [an appellate] [c]ourt has little or no indication of why the assignment represents an error." *State v. Bay*, 529 So.2d 845, 851 (La. 1988). It is not our function as an appellate court to research and construct a party's legal arguments, and we decline to do so here. *See, e.g.*, *Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir. 1996) (citations omitted); CR 76.12(4)(c)(v).

*Hadley v. Citizen Deposit Bank*, 186 S.W.3d 754, 759 (Ky. App. 2005).

Accordingly, we find no error.

Appellants also assert the writ of possession was entered without due process when they were afforded no notice or opportunity to be heard as required by the Kentucky Constitution. Because the record is clear that Appellants fully briefed and argued their claims against the writ of possession prior to its execution, we find no error.

Finally, pursuant to KRS 426.574, Appellants maintain that since they were not parties to the litigation, the commissioner's sale did not divest them of their property rights; thus, the court erred in granting Clay-Rho's writ of possession. We are unpersuaded.

As explained in *Cumberland*:

> The effect of the lis pendens is to keep the subject-matter of the litigation within the control of the court, and to

render the parties powerless to place it beyond the reach of the final judgment.

One acquiring an interest pendente lite is sometimes on his application permitted to appear in the action and defend or prosecute in the place of the person to whose interest he has succeeded. The court is not, however, bound to permit him to do so, in the absence of a statute conferring upon him this right.

*Whether, however, he appears in the cause or not, and whether he has any actual notice of its pendency or not, the judgment, when rendered, must be given the same effect as if he had not acquired his interest, or as if he had been a party before the court from the commencement of the proceeding.* His interests are absolutely concluded by the final determination of the suit.

838 S.W.2d at 405 (quoting *Roberts v. Cardwell*, 154 Ky. 483, 157 S.W. 711 (1913)).

As Appellants' argument wholly undermines the intent of lis pendens, as authorized by KRS 382.440, it must fail.

## CONCLUSION

Therefore, and for the foregoing reasons, we affirm the order of the Meade Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANTS:

Robert Frederick Smith
Prospect, Kentucky

BRIEF FOR APPELLEE FIRST
STATE BANK OF IRVINGTON:

Kenton R. Smith
Brandenburg, Kentucky

BRIEF FOR APPELLEE CLAY-RHO
ENTERPRISES, LLC:

Ambrose K. O'Bryan
Dustin C. Humphrey
Radcliff, Kentucky